**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

SUSAN B. NELSON,

                Plaintiff,

                                                          **Case No. 07-C-436**

      -vs-

ORLANDO RESIDENCE, LTD.,
ORLANDO RESIDENCE GENERAL,
SAMUEL A. HARDAGE, ADAM
HARDAGE, KATE ANCELL, and
ORLANDO RESIDENCE, LTD.,
a dissolved Florida limited partnership,

                Defendants.

---

## DECISION AND ORDER

---

      In January 2007, Orlando Residence, Ltd. ("Orlando") filed a million dollar Tennessee judgment against Kenneth Nelson in Ozaukee County Circuit Court. At issue in the Ozaukee County action is Orlando's attempts to reach the assets of Susan Nelson, Kenneth's wife, in executing on its judgment. To counteract this maneuver, Susan Nelson brought the above-captioned matter as a quiet title action under 28 U.S.C. § 1655. Susan requests a declaration that her property is owned as separate or individual property, that her property is not liable on the Tennessee judgment, and that no defendant (including Orlando) has any interest in her property. Orlando moves to dismiss. For the reasons that follow, Orlando's motion is granted.

Orlando cites the rule of "prior exclusive jurisdiction." When the jurisdiction of a state court has first attached, a federal court is precluded from exercising jurisdiction over the same *res* to defeat or impair the state court's jurisdiction. *See Kline v. Burt Construction Company*, 260 U.S. 226, 229 (1922). The court "first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935). The purpose of this rule is to "avoid unseemly and disastrous conflicts in the administration of our judicial system, and to protect the judicial processes of the court first assuming jurisdiction." *Id.*

Susan Nelson argues that the Ozaukee County action is not an *in rem* proceeding. But Orlando is attempting to execute on Susan Nelson's property in the process of enforcing its judgment against her husband. (Docket No. 11, Exhibit 6).[1] That property is located in Ozaukee County, the obvious and apparent reason the action was filed there in the first instance. The Ozaukee County action is quite clearly an *in rem* proceeding. *See, e.g.,* Wis. Stat. 803.045(3) (after "obtaining a judgment, a creditor may proceed against either or both spouses to reach marital property available for satisfaction of the judgment"); *Courtyard Condominium Association, Inc. v. Draper*, 244 Wis. 2d 153, 159-60 (2001) (Wisconsin statutes "permit the judgment creditor to proceed against all marital property to satisfy a judgment on an obligation incurred during marriage, even where only one spouse is the judgment debtor"). Because a quiet title action is also an *in rem* proceeding, *see GP Credit*

---

[1] In Ozaukee County, Orlando Residence seeks to apply the following property in satisfaction of its judgment against Kenneth Nelson: Susan Nelson's account with H&R Block Financial Advisors; real property located at 4107 West Gazebo Hill Blvd, Mequon, WI; real property located at 10065 River Road No., Mequon, WI; and Susan Nelson's interest in Hayvenhurst Pension & Profit Sharing Plan. (Docket No. 11, Exhibit 6).

*Co., LLC v. Orlando Residence, Ltd.*, 349 F.3d 976, 979 (7th Cir. 2003), this case is barred by the rule of prior exclusive jurisdiction.

Even if the instant matter was not barred by the "prior exclusive jurisdiction" rule, the Court would abstain as a matter of judicial economy. "Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (quoting *Brillhard v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)). Nelson argues that these abstention principles only apply to cases brought under the Declaratory Judgment Act, 28 U.S.C. § 2201. While the instant case was not explicitly brought under § 2201, Nelson still requests a declaratory judgment. This request is unnecessary in light of the previously-filed, ongoing proceedings in Ozaukee County. "If a district court, in the sound exercise of its judgment determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton* at 288.

Finally, Orlando requests an award of attorney's fees and expenses under 28 U.S.C. § 1927. Section 1927 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This court has discretion to impose § 1927 sanctions under the following circumstances: (1) when an attorney acts in an "objectively unreasonable manner" by engaging in "serious and studied

-3-

disregard for the orderly process of justice"; (2) when an attorney pursues a claim that is without legal or factual basis and lacking in justification"; or (3) when an attorney "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *See The Jolly Group, Ltd. v. Medline Industry, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (internal citations omitted).

Orlando requests sanctions because this is Nelson's third attempt to bring these claims before the Court. On her first try, Nelson attempted to remove the Ozaukee County lawsuit, but Nelson's removal was improper so the Court remanded the case back to Ozaukee County. (Case No. 07-C-138, Docket No. 8). On her second try, Nelson attempted to amend her counterclaim in related litigation pending before this Court, Case No. 04-C-439. The Court denied Nelson's motion because she had no counterclaim to amend and also because the proposed amendment would cause undue delay in the "already protracted proceedings." (Case No. 04-C-139, Docket No. 275).

Now, the same claims appear in federal court for a third time, and they are rejected for a third time. The rather transparent motivation behind these maneuvers is to divest the Ozaukee County Circuit Court of its jurisdiction over Susan Nelson's assets. Still, Nelson's attempts to bring her claims here were rejected for three entirely different reasons: improper removal, improper amendment, and prior exclusive jurisdiction. Accordingly, the Court does not consider these repeated attempts to be vexatious or objectively unreasonable.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Orlando's motion to dismiss [Docket No. 11] is **GRANTED**; and

2. This matter is **DISMISSED** for lack of jurisdiction. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**